[No. 20362.    Department One.    January 6, 1927.]

THE STATE OF WASHINGTON *on the Relation of W. U. Park, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

[1] COSTS (24-1)—SECURITY FOR PAYMENT—"ACTIONS." A proceeding to force an attorney to deliver over papers to a client from whom he received them in the course of his employment, under Rem. Comp. Stat., § 147, is not an "action" within the meaning of § 495 relating to security for costs, where the plaintiff resides outside of the county or is a foreign corporation.

Application filed in the supreme court November 24, 1926, for a writ of prohibition to prevent the superior court for King county, French, J., from staying proceedings in an action until plaintiffs furnish a bond for costs. Denied.

*W. U. Park* and *Morris & Dubuar,* for relator.

*W. R. Crawford* and *D. V. Halverstadt,* for respondent.

FULLERTON, J.—The relator, Park, is an attorney at law of this state, having his office for the practice of law and his residence at Seattle, in King county. Certain persons owning shares of the capital stock of certain named corporations desired to have their rights and interests therein established, the corporations dissolved, and the property thereof liquidated and distributed. To that end, they employed the relator as their attorney to institute and prosecute such actions and proceedings as might be found necessary to accomplish the desired purposes. After the employment, the stockholders delivered to the relator the certificates representing their shares of stock in the several cor-

[1]Reported in 251 Pac. 863.

porations, with other papers, and paid into a fund the sums agreed to be paid as compensation for the services of the relator. Later on, for what reason the record does not disclose, the stockholders discharged the relator as their attorney, and employed others in his stead. Demand was made upon the relator for a return of the papers, with which demand the relator refused to comply. Summary proceedings were thereupon instituted against him in the superior court of King county, in which he appeared specially and moved the court to require the claimants of the stock to give security for costs, it being conceded that they are non-residents of the state. The court denied the motion, and ordered the relator to answer to the merits on a day certain. By the proceedings now before us, the relator seeks writs commanding the superior court to require security for costs from the claimants, and to stay the proceedings until such security is furnished.

The statute relating to security for costs (Rem. Comp. Stat., § 495 [P. C. § 7476]), in so far as it is material here, reads as follows:

"When a plaintiff in an action resides out of the county, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant. When required, all proceedings in the action shall be stayed until a bond, executed by two or more persons, be filed with the clerk, conditioned that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of two hundred dollars."

The statute under which the claimants of the stock are proceeding is found at § 137 [P. C. § 186] of the compilation above cited, and reads:

"When an attorney refuses to deliver over money or papers to a person from or for whom he has received

them in the course of professional employment, whether in an action or not, he may be required by an order of the court in which an action, if any, was prosecuted, or if no action was prosecuted, then by order of any judge of a court of record, to do so within a specified time, or show cause why he should not be punished for a contempt.''

The statute elsewhere provides for an attorney's lien on the papers of his client in his possession, and further provides (§ 138, Ib.) [P. C. § 187] that, where proceedings are instituted for the return of papers delivered to an attorney on which he claims a lien, the

''. . . court or judge may, (1) Impose as a condition of making the order that the client give security, in a form and amount to be directed, to satisfy the lien, when determined in an action; (2) Summarily to inquire into the facts on which the claim of a lien is founded, and determine the same; or (3) To refer it, and upon the report determine the same as in other cases.''

The relator contends that the proceedings instituted against him for the return of the papers are ''actions'' within the meaning of that term as it is used in the section relating to security for costs above quoted, and that he is entitled to such security as a matter of right. But we cannot accede to these contentions. While a proceeding to enforce an attorney to deliver over papers to a client from whom he has received them in the course of professional employment is in a certain sense an action, we cannot think it an action in which the client is required to give security for costs, even though the client be a non-resident of the state. The papers are not the property of the attorney. They belong to the client, and the only right the attorney has to them after a demand is made for their return is to retain them as security for his fees. But the statute

makes ample provision to meet this exigency. He has only to make his claims known to the court, when ample protection will be afforded him in that respect. This protection will extend to the recovery of costs, if it be determined at the hearing that he had the right to refuse the demand for the return of the papers, and his lien can be made to cover these as well as his fees for his past services. The statute is thus complete in itself. It does not need the aid of the statute relating to security for costs. The court, therefore, will not give the word "action" used therein such a wide definition as to make the general provision apply to a situation in which it is unnecessary or useless.

The alternative writ issued in each of the several causes is quashed, and peremptory writs denied.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.